# Mississippi Electronic Courts
# Second Circuit Court District of Mississippi (Hancock Circuit Court)
# CIVIL DOCKET FOR CASE #: 23CI1:21-cv-00159

MOORE et al v. JINDAL TUBLAR USA LLC & EXPRESS SERVICES INC. D/B/A EXPRESS EMPLOYMENT PROFESSIONALS
Assigned to: Judge Christopher L. Schmidt

Date Filed: 11/01/2021
Current Days Pending: 28
Total Case Age: 28
Jury Demand: None
Nature of Suit: 12 Other Business/Commercial

**Upcoming Settings:**

None Found

---

**Plaintiff**

**JOHN ROBERT MOORE** represented by **Michael W Crosby**
2111 25th Avenue
GULFPORT, MS 39501
228-865-0313
Fax: 228-865-0337
Email: michaelwcrosby@bellsouth.net
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**LORI HERRMANN MOORE** represented by **Michael W Crosby**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**JINDAL TUBLAR USA LLC**

**Defendant**

**EXPRESS SERVICES INC.**

**Defendant**

**EXPRESS EMPLOYMENT PROFESSIONALS**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/01/2021 | 1 | Civil Cover Sheet. (Shiyou, Jason) (Entered: 11/01/2021) |
| 11/01/2021 | 2 | COMPLAINT against JINDAL TUBLAR USA LLC & EXPRESS SERVICES INC. D/B/A EXPRESS EMPLOYMENT PROFESSIONALS. (Shiyou, Jason) (Entered: 11/01/2021) |
| 11/01/2021 | 3 | AFFIDAVIT (Shiyou, Jason) (Entered: 11/01/2021) |

Exhibit "A"

| | | |
|---|---|---|
| 11/01/2021 | 4 | SUMMONS Issued to ATTORNEY FOR PROCESS ON CAPITAL CORPORATE SERVICES INC FOR JINDAL (Shiyou, Jason) (Entered: 11/01/2021) |
| 11/01/2021 | 5 | SUMMONS Issued to ATTORNEY FOR PROCESS ON CT CORPORATION SYSTEMS D/B/A EXPRESS SERVICES EMPLOYMENT (Shiyou, Jason) (Entered: 11/01/2021) |
| 11/05/2021 | 6 | SUMMONS Returned Executed by JOHN ROBERT MOORE, LORI HERRMANN MOORE. ***Re:*** ** 5 SUMMONS Issued to ATTORNEY FOR PROCESS ON CT CORPORATION SYSTEMS D/B/A EXPRESS SERVICES EMPLOYMENT (Shiyou, Jason)** EXPRESS EMPLOYMENT PROFESSIONALS served on 11/1/2021, answer due 12/1/2021; EXPRESS SERVICES INC. served on 11/1/2021, answer due 12/1/2021. *Personal* Service type: (Crosby, Michael) (Entered: 11/05/2021) |
| 11/05/2021 | 7 | SUMMONS Returned Executed by JOHN ROBERT MOORE, LORI HERRMANN MOORE. ***Re:*** ** 4 SUMMONS Issued to ATTORNEY FOR PROCESS ON CAPITAL CORPORATE SERVICES INC FOR JINDAL (Shiyou, Jason)** JINDAL TUBLAR USA LLC served on 11/1/2021, answer due 12/1/2021. *Personal* Service type: (Crosby, Michael) (Entered: 11/05/2021) |

**MEC Service Center**

**Transaction Receipt**

11/29/2021 13:06:50

**You will be charged $0.20 per page to view or print documents.**

| | | | |
|---|---|---|---|
| **MEC Login:** | bs104177M | **Client Code:** | 111568.018 |
| **Description:** | Docket Report | **Search Criteria:** | 23CI1:21-cv-00159 |
| **Billable Pages:** | 2 | **Cost:** | 0.40 |

Exhibit "A"

# COVER SHEET

## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court Form AOC/01
Administrative Office of Courts (Rev 2020)

Court Identification Docket #: 23 | 1 | CI — County # / Judicial District / Court ID (CH, CI, CO)

Case Year: 2021 — Docket Number: 00159 — Local Docket ID

11 / 01 / 21 — Month / Date / Year

This area to be completed by clerk — Case Number if filed prior to 1/1/94

In the CIRCUIT Court of HANCOCK County — Judicial District

**Origin of Suit (Place an "X" in one box only)**

- [X] Initial Filing
- [ ] Remanded
- [ ] Reinstated
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

**Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form**

Individual: MOORE (Last Name) JOHN (First Name) ____ (Maiden Name, if applicable) R (M.I.) ____ (Jr/Sr/III/IV)

____ Check ( x ) if Individual Plainitiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Planitiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ____

Business ____
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Planitiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

Address of Plaintiff: 6039 ALYSSA LANE, KILN, MS 39556

Attorney (Name & Address): MICHAEL W. CROSBY — MS Bar No. 7888

____ Check ( x ) if Individual Filing Initial Pleading is NOT an attorney

Signature of Individual Filing: [signature]

**Defendant - Name of Defendant - Enter Additional Defendants on Separate Form**

Individual: ____ (Last Name) ____ (First Name) ____ (Maiden Name, if applicable) ____ (M.I.) ____ (Jr/Sr/III/IV)

____ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

____ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

Business: JINDAL TUBULAR USA LLC
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated

____ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

Attorney (Name & Address) - If Known ____ MS Bar No. ____

____ **Check ( x ) if child support is contemplated as an issue in this suit.***
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

**Nature of Suit (Place an "X" in one box only)**

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [X] Other ____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ____

**Real Property**
- [ ] Adverse Possession
- [X] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other ____

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

_______________ JUDICIAL DISTRICT, CITY OF _______________

Docket No. _______ - _______________ _______________
File Yr Chronological No. Clerk's Local ID

Docket No. If Filed
Prior to 1/1/94 _______________

**PLAINTIFFS IN REFERENCED CAUSE - Page 1 of ___ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff #2:**

**Individual**: MOORE (Last Name) LORI (First Name) ( ____ Maiden Name, if Applicable ) M (Middle Init.) ____ (Jr/Sr/III/IV)

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _______________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _______________

**Business** _______________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _______________

ATTORNEY FOR THIS PLAINTIFF: _______ Bar # or Name: _______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #3:**

**Individual**: ____ (Last Name) ____ (First Name) ( ____ Maiden Name, if Applicable ) ____ (Middle Init.) ____ (Jr/Sr/III/IV)

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _______________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _______________

**Business** _______________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _______________

ATTORNEY FOR THIS PLAINTIFF: _______ Bar # or Name: _______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff #4:**

**Individual**: ____ (Last Name) ____ (First Name) ( ____ Maiden Name, if Applicable ) ____ (Middle Init.) ____ (Jr/Sr/III/IV)

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of _______________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A _______________

**Business** _______________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A _______________

ATTORNEY FOR THIS PLAINTIFF: _______ Bar # or Name: _______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

__________ JUDICIAL DISTRICT, CITY OF __________

Docket No. ______ - __________ __________
File Yr Chronological No. Clerk's Local ID

Docket No. If Filed Prior to 1/1/94 __________

**PLAINTIFFS IN REFERENCED CAUSE - Page __ of __ Plaintiffs Pages**
**IN ADDITION TO PLAINTIFF SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Plaintiff # __ :**

**Individual:** __________ __________ ( __________ ) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of __________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A __________

**Business** __________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A __________

ATTORNEY FOR THIS PLAINTIFF: ______ Bar # or Name: __________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff # __ :**

**Individual:** __________ __________ ( __________ ) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of __________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A __________

**Business** __________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A __________

ATTORNEY FOR THIS PLAINTIFF: ______ Bar # or Name: __________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Plaintiff # __ :**

**Individual:** __________ __________ ( __________ ) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of __________

___Check (✓) if Individual Plaintiff is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A __________

**Business** __________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Plaintiff is filing suit in the name of an entity other than the name above, and enter below:

D/B/A __________

ATTORNEY FOR THIS PLAINTIFF: ______ Bar # or Name: __________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

_______________ JUDICIAL DISTRICT, CITY OF _______________

Docket No. ________ - ______________ ______________ Docket No. If Filed
File Yr Chronological No. Clerk's Local ID Prior to 1/1/94 ______________

**DEFENDANTS IN REFERENCED CAUSE - Page 1 of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant #2:**

**Individual**: ______________ ______________ ( ______________ ) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ______________________________

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ______________________________

**Business** EXPRESS SERVICES, INC. D/B/A EXPRESS EMPLOYMENT PROFESSIONALS
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A ______________________________

ATTORNEY FOR THIS DEFENDANT: ______ Bar # or Name: ______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant #3:**

**Individual**: ______________ ______________ ( ______________ ) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ______________________________

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ______________________________

**Business** ______________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A ______________________________

ATTORNEY FOR THIS DEFENDANT: ______ Bar # or Name: ______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant #4:**

**Individual**: ______________ ______________ ( ______________ ) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ______________________________

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ______________________________

**Business** ______________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the above, and enter below:

D/B/A ______________________________

ATTORNEY FOR THIS DEFENDANT: ______ Bar # or Name: ______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

_______________ JUDICIAL DISTRICT, CITY OF

Docket No. ______ - __________ __________
File Yr Chronological No. Clerk's Local ID

Docket No. If Filed Prior to 1/1/94 ______________

**DEFENDANTS IN REFERENCED CAUSE - Page ___ of ___ Defendants Pages**
**IN ADDITION TO DEFENDANT SHOWN ON CIVIL CASE FILING FORM COVER SHEET**

**Defendant # ___ :**

**Individual:** ____________ ____________ (____________) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ______________________________

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ______________________________

**Business** ______________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A ______________________________

ATTORNEY FOR THIS DEFENDANT: ______ Bar # or Name: ______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant # ___ :**

**Individual:** ____________ ____________ (____________) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ______________________________

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ______________________________

**Business** ______________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A ______________________________

ATTORNEY FOR THIS DEFENDANT: ______ Bar # or Name: ______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

**Defendant # ___ :**

**Individual:** ____________ ____________ (____________) ______ ______
Last Name First Name Maiden Name, if Applicable Middle Init. Jr/Sr/III/IV

___Check (✓) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:

Estate of ______________________________

___Check (✓) if Individual Defendant is acting in capacity as Business Owner/Operator (D/B/A) or State Agency, and enter that name below:

D/B/A ______________________________

**Business** ______________________________
Enter legal name of business, corporation, partnership, agency - If Corporation, indicate state where incorporated

___Check (✓) if Business Defendant is being sued in the name of an entity other than the name above, and enter below:

D/B/A ______________________________

ATTORNEY FOR THIS DEFENDANT: ______ Bar # or Name: ______________ *Pro Hac Vice* (✓)___ Not an Attorney(✓)___

---

Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

FILED
NOV 0 1 2021
KENDRA NECAISE
CIRCUIT CLERK, HANCOCK CO.
BY ______ D.C.

JOHN ROBERT MOORE &
LORI HERRMANN MOORE — PLAINTIFFS

VERSUS — Cause No.: 21-0159

JINDAL TUBULAR USA LLC
& EXPRESS SERVICES, INC. D/B/A
EXPRESS EMPLOYMENT PROFESSIONALS — DEFENDANT(S)

**COMPLAINT**
(Jury Trial Demanded)

COME NOW JOHN ROBERT MOORE and LORI HERMANN MOORE, by and through their attorney of record, Michael W. Crosby, and file this their Complaint against Defendants, Jindal Tubular USA LLC and Express Services, Inc. d/b/a Express Employment Professionals, and in support would show unto this Honorable Court the following facts, to wit:

**PARTIES**

1. John Robert Moore, hereinafter referred to as “Moore” and Lori May Moore, husband and wife, are an adult resident citizens of Hancock County, Mississippi.

2. JINDAL TUBULAR USA, LLC, hereinafter referred to as “Jindal” is a foreign limited liability company that may be served with process by service upon its registered agent for service of process, Capitol Corporate Services, Inc., 248 E. Capitol St., Suite 840, Jackson, MS, 39201.

3. EXPRESS SERVICES, INC. d/b/a EXPRESS EMPLOYMENT PROFESSIONALS, hereinafter referred to as “Express,” is a foreign corporation that may be served with process by service upon its registered agent for service of process, C T Corporation System, 645 Lakeland East Dr., Suite 101, Flowood, MS, 39232.



Exhibit "A"

5. Also, venue is proper pursuant to Mississippi Code Annotated 11-11-3.

6. **ISSUES OF LAW AND FACT TO BE DECIDED:**

a. Is Moore a third-party beneficiary of the contract/agreement in which his rights were protected by virtue of said agreement including Jindal, Express and its "associates."

b. Can an employer contract or agree to be responsible and therefore liable for damages, separate from the exclusive remedy provision of the Workers' Compensation statute?

c. Did Jindal fail to provide Express' associates (i.e. Moore) with a safe, suitable workplace and equipment and to comply with all applicable Federal, State and local employment laws?
   (1) As a result of the failure to provide a suitable workplace and comply with said laws and regulations, was Moore injured?
   (2) What are the damages?

d. Did Jindal manufacture the relevant motorized equipment to the extent that it has a dual legal responsibility to Moore?

e. Did Jindal and/or Express conspire to conceal the unsafe practices and violations at Jindal:
   (1) from unsuspecting employees, which caused Moore injury?
   (2) from OSHA's reporting requirements, which caused Moore injury?

f. Did Express know of the numerous employee injuries at Jindal and keep them from Moore, thereby resulting in Moore's injury?

7. **FACTS RELEVANT TO ALL ISSUES AND CLAIMS:**

8. Moore was an "associate," of Express, a staffing agency, who provided Jindal with labor at their manufacturing plant. An agreement/contract[1] which set forth the responsibilities and duties of the parties was executed and is attached hereto as Ex. 'A." For the purposes of this Complaint, the key paragraphs, 1,2,4,7 & 8, as follows:

[1] We have requested a better copy of the contract/agreement so that it will be easier to ready, but we have not yet secured the same.



## Staffing Agreement

*Express Services, Inc. (Express) dba Express Employment Professionals (referred to as "Express", "We" or "Our"), makes it easy for you to do business with us. The first step to establishing a successful staffing relationship is to ensure a clear understanding of each party's responsibilities. We appreciate your business and look forward to the opportunity to support you with outstanding professional employment services in consideration of your agreement to the following terms and conditions:*

1. We hire associates as Express employees, and provide all wages, taxes, withholding, workers' compensation, and unemployment insurance. Medical benefits and vacation pay are also available to associates who qualify. We recruit and assign associates to you to perform the job duties you specify. You agree to notify us if those duties or the workplace of an associate changes.
2. Express complies with all Federal, State, and Local employment laws and regulations. You agree to provide our associates with a safe, suitable workplace and equipment, and to comply with all applicable federal, state, and local employment laws. You agree to indemnify and hold Express harmless from claims or damages resulting from your non-compliance with applicable laws and regulations. Express pays associates promptly, based on information approved by you. You agree to pay the charges based on the time card or other mutually acceptable recording method by the invoice due date. A monthly service charge of (18% per annum) may be assessed on charges remaining unpaid 30 days after the invoice date. We are entitled to reasonable collection fees, attorney fees, and other expenses incurred to collect all charges on your account(s).
4. We provide insurance policies to cover Express associates for Workers' Compensation, Commercial General Liability, Employers Liability, Fidelity Bond, Errors and Omissions, and Hired/Non-Owned Automobile coverage in an amount not less than $1,000,000 per occurrence. You agree to maintain liability insurance for any motor vehicle, forklift, or other motorized mobile equipment operated by an Express associate, and agree to waive all rights of recovery against Express as the employer of
7. Express will provide associates for positions where operating a motor vehicle, forklift, or other motorized equipment is required, if notified in writing prior to an assignment. We must know in advance, so we can assign associates who are qualified to meet your specifications. During an assignment, if our associate operates a motor vehicle, forklift, or any other motorized equipment, you agree to indemnify and hold us harmless for bodily injury, property damage, collision, or public liability claims, regardless of fault.
8. You supervise, direct, and control the work performed by Express associates, and assume responsibility for all operational results, including losses or damage to property or data in the care, custody, or control of an Express associate. You agree to indemnify and hold us harmless from any claims or damages that may be caused by your negligence or misconduct, and agree on behalf of *your* insurer(s) to waive all rights of recovery (subrogation) against *us*.

As stated above,

**<u>Paragraph "1"</u>**

1. Moore is an "associate," of Express.
2. Express hires associate as Express employees.
3. Express provides all wages and workers' compensation and medical benefits.
4. Express recruits and assigns the associates to Jindal to perform the job duties Jindal specifies.

**<u>Paragraph "2"</u>**

5. Express agreed to comply with all Federal, State, and Legal employment laws and regulations.
6. Jindal agreed to provide Express' associates (i.e. Moore) with a safe, suitable workplace and equipment and to comply with all applicable Federal, State and local employment laws.
7. Jindal agreed to indemnify and hold Express harmless from claims or damages resulting from their non-compliance with applicable laws and regulations.

**<u>Paragraph "3"</u>**



Exhibit "A"

a. Express' stated goal was that Jindal would be satisfied with the job performance of Express' associates, but for any reason, if dissatisfied, with the associates' work, a replacement would be provided.

**Paragraph "4"**

b. Express provided insurance policies to cover Express' associates for Worker's; Compensation, Commercial General Liability, Employers' Liability, Fidelity Bond, Errors and Omissions, and Hired/non-Owned Automobile coverage.
Jindal agreed to maintain liability insurance for vehicles and machines.

**Paragraph "7"**

c. Express agreed to provide associates qualified to operate vehicles and equipment motorized.

d. Jindal agreed that if an associate operated a motor vehicle or motorized equipment, and during their assignment, Jindal would indemnify and hold Express harmless for bodily injury … public liability, regardless of fault.

**Paragraph "8"**

e. Jindal supervised, directed and controlled the work performed by Express associates and assumed responsibility for all operational results, including losses or damages to property or data in the care custody or control of an Express associate.

f. Jindal agreed to indemnify and hold harmless, Express, from any claims or damages that may be caused by Jindal's negligence or misconduct an agree on behalf of Jindal's insureds to waive all rights of recovery (subrogation) against Express.

9. Jindal is a manufacturing company which manufactures pipes and tubes used in offshore and onshore drilling, in both urban and rural water sectors for ports and commercial building. Most of the management and supervisors are from India, whereas most of the labor is from Mississippi. The majority of the staffing is provided by staffing companies, one of which is Express. Moore is an "associate" of Express.

10. Jindal is an exceptionally unsafe workplace where numerous employees are frequently seriously injured. Most injuries are the result of gross and reckless negligence, including but not limited to the failure to comply with laws, rules and regulations intended to

provide a safe workplace, including but not limited to OSHA's requirements, the failure to use common sense, inadequate supervision, training, and equipment with minimal safety features. As a result of these and other failures, Moore was seriously and permanently injured.

11. Moore can demonstrate that the unsafe practices and frequently employee injuries were known to both Jendal's and Express' management. The contractual/agreement arrangement between Jindal and Express allows Jindal to avoid the reporting requirements of OSHA and the concealment of numerous serious injuries by Jindal. The same applied to other staffing companies. The majority of the labor was supplied by staffing companies.

12. On November 1, 2018, after approximately 8 months of faithful service, Moore was seriously injured as a result of the above referenced unsafe acts. Moore was employed as an associate of Express and was assigned to work at Jindal. Ex. "A." is the contract/agreement upon which the employment and rights are described and is incorporated herein.

13. On the date of the injury, Moore was required to repair a dump-station. A large cylinder which weighed many tons was lifted up high enough for Moore to crawl under it to perform repair work. The floor had a hold, approximately 4' deep and a yard in diameter, and Moore was inside the hole with the many tons cylinder suspended above him. The adjacent cylinders provided some support, but a crane was used to keep the cylinder raised high enough for Moore to perform his labor. A manager, looking right at Moore, directed other employees to move the crane, stating that it was needed elsewhere. Moving the crane left insufficient support to keep the cylinder from crushing Moore. As one would expect, the cylinder fell, striking Moore on his shoulder, causing severe damage to Moore's shoulder, back and ancle, and his body as a whole. Moore was trapped inside the hole in the floor, and through a miracle, was not inches to the side

where he would have been smushed. The severe pain from the breaking of his back caused disorientation to a degree. The managers cleared all labor from the plant, believing that Moore was dead. The first responders were delayed and not allowed to help remove him from the hole where he was essentially buried/trapped alive. The removal without adequate training caused further pain and suffering and damage.

14. Moore has suffered from three (3) back surgeries and substantial medical treatment and therapy. He has suffered damages to his body as a whole and sustained permanent physical and mental damages. Moore was compensated via worker's compensation provided by Express. The injury was concealed and not properly reported to OSHA as a Jindal accident, which is the intent of the arrangement with the staffing companies. Moore suffers from pain & suffering, permanent and temporary physical disability, loss of consortium, lost wages, present and future, mental distress and emotional injury as a direct result of the same.

15. Moore's wife, Lori May Moore, and children have suffered by virtue of their father/husband suffering and being unable to participate in his typical role as the same. His family has suffered tremendously. A claim for loss of consortium is submitted.

16. **LAW REGARDING MISSISSIPPI'S WORKERS' COMPENSATION LAW AND --EXCLUSIVE REMEDY**

17. Workers' compensation was created to solve the problems associated with employees being treated like disposable machinery and being unable to secure compensation for injuries on the job. Workers' Compensation was intended to allow immediate compensation for work related injuries, in the scope of work, covering 100% of the medical damages and a portion of their wages, at the expense of full compensation found in the common law (i.e. it forces the employee to relinquish their right to sue his employer for the tort of negligence). Unfortunately,



Exhibit "A"

many times the employee must retain counsel and fight for his benefits, and often times the clever employer will allow unsafe workplaces and fail to follow the regulations designed to protect the worker, because they need only be concerned with the exclusive remedy of Workers' Compensation. It is understood, unfortunately, that the employer can allow conditions to exist which place the employee in harm's way with foreseeable injury, but remain protected by the exclusive remedy, unless the employee can prove fraudulent concealment, fraud, or intentional injury. However, there are some additional considerations which provide recovery for injuries, irrespective of the exclusive remedy of Workers' Compensation, two of which include (1) contractual agreements that provide additional coverage for the employee and (2) situations involving a dual capacity. In the case at bar, Moore has already been compensated for the coverages provided by Workers' Compensation. This Complaint is for the contractual damages by virtue of the contract entered into as Ex. "A." Additionally, Moore submits that Jindal operated in a "dual capacity," role by virtue of its manufacturing of its own equipment.

18. In the case at bar, Moore asserts that he is the beneficiary and/or third-party beneficiary of the contract/agreement in which Jindal and Express identified him as Express' associate. Moore submits that Jindal, by contract/agreement, that it would provide a safe workplace and follow the applicable laws and regulations. Jindal did not do so, and as a result, Moore was seriously injured.

19. Additionally, Moore asserts that Jindal and Express both were aware of the unsafe workplace and failure to follow the applicable laws and regulations, and that employees were being injured as an exceptionally tragic frequency, all of which was concealed from Moore. This includes an arrangement to avoid reporting to OSHA the injuries at Jindal.

20. Finally, Moore asserts that Jindal modified and redesigned its equipment, causing it to be unsafe, intentionally, to increase productivity at the expense of the health of the employees. While Mississippi Courts allow the employer to hide behind the exclusive remedy even when the employer willfully permits hazardous conditions to exist which are substantially certain, although not specifically intended, to result in injury or death of the employee, our Court does recognize that there is nothing in the Workers' Compensation law to prevent contracting for indemnity or additional liability.

20. **CLAIMS FOR RELIEF:**

All facts and averments reference hereinabove, are incorporated herein by reference, and are applied to each and every count set forth herein. Jindal, with the knowledge of Express, did not provide a safe workplace, did not properly train and supervise its managers, and laborers, and modified and required use of equipment without minimum safety features as required by law, regulations and common sense. The number of employees was inadequate for the work performed, which created an unsafe workplace, in direct contradiction to Ex. "A."

21. **A. BREACH OF CONTRACT**

22. Jindal and Express entered into a contract/agreement, Ex. "A," in which Moore was a beneficiary and/or third-party beneficiary, for valuable consideration, which Moore relied upon to his detriment. Moore complied with all duties imposed upon him by said contract/agreement and complied

23. The Defendants defaulted in the performance of the terms, conditions, and stipulations of the above referenced contract.

24. The Defendant deliberately made promises to the Moore when they expected that the Moore would rely on those promises. Those promises were known by the Defendants to have

created a reasonable expectation in the Moore that the Moore would be provided with a safe workplace and that the laws & regulations regarding safe workplaces would be complied with. The Moore relied to his substantial detriment upon those promises. The Defendants' breach of their promises and assurances proximately caused the damages previously and hereafter described in the Complaint

25. **B. TORTUROUS BREACH OF CONTRACT – BAD FAITH**

26. The Defendants failure to abide by the terms and conditions of Ex. "A," constitutes a breach of contract, this willful breach of contract by the Defendants which was attended by such malice, insult, and abuse that it constitutes an independent tort, thus entitling the Moore to recover punitive damages as well as actual damages, which were proximately and foreseeable caused by the Defendants' breach.

27. The Defendant deliberately made promises to the Moore when they expected that the Moore would rely on those promises. Those promises were known by the Defendants to have created a reasonable expectation in the Moore that the Moore would be provided with a safe workplace and followed laws. The Moore relied to his substantial detriment upon those promises. Injustice can only be prevented by enforcing the Defendants' promises. The breach of contract/agreement was so severe and of such nature, that said breach constitutes bad faith and a torturous breach of contract rising above that of a typical breach. The Defendant was required to put his life into the hands of the employer's managers, and knowing that he was in a deadly position, the manager moved the crane without regard to jeopardizing his life and subjecting him to horrific injury and death. A fiduciary relationship was contracted for, and such created a special relationship.

28. The breach of this contract by the Defendants was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute an independent tort.

Given the conduct of the Defendants and the pecuniary ability or financial worth of the Defendants, then $$2,000,000 for Defendant is well within the amount reasonably necessary for punishment of the wrongdoing, deterring the Defendants from similar conduct, and to make an example of the Defendants so others may be deterred.

29. The exclusive remedy of Workers' Compensation had nothing to do with this case. The manager acted without consideration to the impact upon Defendant's family. The Defendants' breach of their promises and assurances proximately caused the damages previously and hereafter described in the Complaint.

30. **C. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

31. The Defendants' unlawful conduct as previously described in this Complaint, was known to the Defendants to be likely to produce emotional distress in the Moore, and it did in fact produce emotional distress in the Moore. As a direct and proximate result of the Defendants' unlawful conduct the Moore has suffered emotional distress and emotional damage of at least $2,000,000. The Defendants' conduct as previously described was outrageous, wholly without legal or factual justification, was malicious and wanton, and thus entitles the Moore to recover actual and punitive damages as previously described.

32. **D. FRAUDULENT CONCEALMENT & IMPLIED DUTY FOR GOOD FAITH AND FAIR DEALING**

33. The Defendants failure to abide by the terms and conditions of Ex. "A," constitutes a breach of contract, this willful breach of contract by the Defendants which was attended by such malice, insult, and abuse that it constitutes an independent tort, thus entitling the Moore to

recover punitive damages as well as actual damages, which were proximately and foreseeable caused by the Defendants' breach. Furthermore, said breach is supplemented by the concealment and conspiracy to evade the law and regulations by creating a staffing arrangement which allowed Jindal to avoid having to report its misconduct to OSHA and others by making it appear that the injuries to the employees were the responsibility of Express and other "labor finding" companies rather than Jindal. To the extent that Express was aware of the forceable injuries and lack of compliance with common sense, safety regulations and laws, and the unsafe workplace, fraudulent concealment directly and proximately contributed and caused the injury to Moore in direct violation of the law.

34. The Defendant deliberately made promises to the Moore when they expected that the Moore would rely on those promises, without the knowledge of the unsafe and deadly environment he was about the enter. The concealment of the known injuries to prior employees and associates and the failure to disclose the same to Moore was a breach of the implied duty for good faith and fair dealing and fraudulent concealment. The concealment, and broken promises were known by the Defendants to have created a reasonable expectation in the Moore that the Moore would be provided with a safe workplace and followed laws. The Moore relied to his substantial detriment upon those promises. Injustice can only be prevented by enforcing the Defendants' promises. The breach of contract/agreement was so severe and of such nature, that said breach constitutes bad faith and a torturous breach of contract rising above that of a typical breach. The Defendant was required to put his life into the hands of the employer's managers, and knowing that he was in a deadly position, the manager moved the crane without regard to jeopardizing his life and subjecting him to horrific injury and death. A fiduciary relationship was contracted for, and such created a special relationship.

35. The breach of this contract by the Defendants was without an arguable basis and was accompanied by conduct so willful and so grossly negligent as to constitute an independent tort.

Given the conduct of the Defendants and the pecuniary ability or financial worth of the Defendants, then $$2,000,000 for Defendant is well within the amount reasonably necessary for punishment of the wrongdoing, deterring the Defendants from similar conduct, and to make an example of the Defendants so others may be deterred.

36. The exclusive remedy of Workers' Compensation had nothing to do with this case. The manager acted without consideration to the impact upon Defendant's family. The Defendants' breach of their promises and assurances proximately caused the damages previously and hereafter described in the Complaint.

37. **E. DUAL CAPACITY**

Jindal purchased its motorized vehicles in various places and countries, and reversed engineered it, removed all safety devices which slowed down productivity at the expense of the laborer, and as such, put itself in the role of manufacturer, and thereby, legally, has a dual responsibility to its laborers. As the manufacturer of the vehicles and machines used by its workforce, Jindal has liability for its unsafe product. The equipment did not have the appropriate features required by regulations, laws, rules and common sense, and as a proximate result of this, caused the damages described herein.

38. **F. MISS. CODE. ANN. § 71-3-71 & UNJUST ENRICHMENT**

39. Pursuant to Miss. Code. Ann. § 71-3-71, Moore is entitled to deduct the reasonable costs of collection from any proceeds in this matter, prior to having to reimburse Express for the settlement in the Workers' Compensation settlement he received. Because of the difficulty associated with this aspect of the law, and complexity of the arguments required to secure

compensation, Moore submits that the level of skill of his counsel must be beyond that one would typically need in an average case. Because of that fact, Moore submits that fair compensation for attorney's fees is more than usual, and as such, that is a factor which must be taken into consideration. Prior to reimbursement, Moore requests a hearing hereon to assist him in demonstrating the need for more than average reimbursement to the insurance carrier. Please note that Moore through counsel, invited Express to participate in the litigation on his behalf and decide with Moore's counsel to seek compensation for the full damages from Jindal, but that request was denied. Should Moore be successful in obtaining his full damages in the case at bar, the costs associated with the collection of the same, taking into consideration the unique and complex nature of the matter, the time-consuming nature, and additional factors should be taken into account when determining the fair amount of reimbursement.

40. F. LOSS OF CONSORTIUM

41. With respect to each and every count herein above, Moore was not able to have the relationship with his wife and family, with the severe pain and suffering he endured, and as such, Lori May Moore is entitled to consortium in an amount to be determine by a jury herein.

42. **RELIEF**

43. Moore prays for a judgment providing the following relief:

44. 1. For breach of contract and each count set forth above: a judgment of this Court against the Defendants, awarding the Moore & Lori May Moore, 2,000,000 for each count, along with pre-judgment and post-judgment interest thereon, the sum of which is uncertain at this time, but which be decided by a jury at a trial hereon, and further awarding Moore & Lori May Moore $5,000,000 in punitive damages from each defendant. The Moore further prays that the

Defendants be required to pay the costs of this action and reasonable attorneys' fees in the amount of $200,000.

45. WHEREFORE PREMISES CONSIDERED, Moore, John Moore, respectfully demands the Court to provide a jury trial and that he is entitled to damages; to be determined by a jury that is an amount sufficient to compensate damages set forth herein in amounts to be determined by a jury; and for such other relief, in law or equity, both general and specific, to which he may be entitled under the premises including all costs of these proceedings including expert witness fees to be taxed as costs of court and prejudgment and post judgment interest. Based upon the recommendation of his counsel, and strictly upon counsel's research of comparable injuries, Defendant seeks no less than $2,000,000, $5,000,000 punitive damages and such other costs as the jury decides.

RESPECTFULLY SUBMITTED, this the 1st day of November 2021.

Respectfully submitted,

JOHN ROBERT MOORE and LORI HERRMANN MOORE, Plaintiffs

By:________________________________
Michael W. Crosby
Attorney for Moore

Michael W. Crosby Esq.
MS Bar #7888
2111 25th Avenue
Gulfport, MS 39501
228-865-0313
228-865-0337 (fax)
michaelwcrosby@bellsouth.net



# Staffing Agreement

*Express Services, Inc. (Express) dba Express Employment Professionals (referred to as "Express" "We" or "Our"), makes it easy for you to do business with us. The first step to establishing a successful staffing relationship is to ensure a clear understanding of each party's responsibilities. We appreciate your business and look forward to the opportunity to support you with outstanding professional employment services in consideration of your agreement to the following terms and conditions:*

1. We hire associates as Express employees, and provide all wages, taxes, withholding, workers' compensation, and unemployment insurance. Medical benefits and vacation pay are also available to associates who qualify. We recruit and assign associates to you to perform the job duties you specify. You agree to notify us if those duties or the workplace of an associate changes.
2. Express complies with all Federal, State, and Local employment laws and regulations. You agree to provide our associates with a safe, suitable workplace and equipment, and to comply with all applicable federal, state, and local employment laws. You agree to indemnify and hold Express harmless from claims or damages resulting from your non-compliance with applicable laws and regulations. Express pays associates promptly, based on information approved by you. You agree to pay the charges based on the time card or other mutually acceptable recording method by the invoice due date. A monthly service charge of (18% per annum) may be assessed on charges remaining unpaid 30 days after the invoice date. We are entitled to reasonable collection fees, attorney fees, and other expenses incurred to collect all charges on your account(s).
3. It is our goal that associates perform their jobs to your satisfaction; however, if you are not satisfied with an Express associate for any reason, you will not be charged for the first four (4) hours of the associate's work and a replacement will be provided.
4. We provide insurance policies to cover Express associates for Workers' Compensation, Commercial General Liability, Employers Liability, Fidelity Bond, Errors and Omissions, and Hired/Non-Owned Automobile coverage in an amount not less than $1,000,000 per occurrence. You agree to maintain liability insurance for any motor vehicle, forklift, or other motorized mobile equipment operated by an Express associate, and agree to waive all rights of recovery against Express as the employer of the Express associate.
5. You agree that you will not request or allow our associates to offer professional opinions concerning any financial audits, certifications or financial statements, SEC filings or provide management consulting or financial advice. Nor will our associates be permitted sign-off authority for architectural or engineering projects or construction or other cost estimates. All services performed by our associates shall be under your direction, supervision and control and you shall be responsible for ensuring that the services meet your requirements and agree that we are not responsible for the accuracy and correctness of the resulting work product.
6. If our associates have access to unattended premises or the care, custody, or control of cash, checks, credit card numbers, ATM bank cards, negotiables, confidential information, trade secrets, or other valuable property, then you agree to indemnify and hold us harmless from any resulting loss or damage.
7. Express will provide associates for positions where operating a motor vehicle, forklift, or other motorized equipment is required, if notified in writing prior to an assignment. We must know in advance, so we can assign associates who are qualified to meet your specifications. During an assignment, if our associate operates a motor vehicle, forklift, or any other motorized equipment, you agree to indemnify and hold us harmless for bodily injury, property damage, collision, or public liability claims, regardless of fault.
8. You supervise, direct, and control the work performed by Express associates, and assume responsibility for all operational results, including losses or damage to property or data in the care, custody, or control of an Express associate. You agree to indemnify and hold us harmless from any claims or damages that may be caused by your negligence or misconduct, and agree on behalf of *your* insurer(s) to waive all rights of recovery (subrogation) against *us*.
9. We offer an evaluation hire program designed to provide you with associates on a trial basis prior to converting them to your payroll. If you choose to convert the associate to your payroll before the evaluation trial period is over there may be a conversion fee.
10. After the associate has reached the pre-determined Evaluation Trial period there is no fee to transfer them to your payroll.
11. You agree, for a period of 180 days from the date of introduction, not to hire directly or use Express associates through another staffing firm without paying a liquidation fee of 30% of the Express associate's expected annual compensation, unless otherwise agreed to by us in writing. You cannot hire our associates after we introduce them to you.
12. Express will, at your written request, conduct a national database criminal history checks and drug screens as permitted by state law. A national database search is dependent upon the reporting county and is not a guarantee of criminal history. Although most all states and counties report to this search you agree to indemnify and hold harmless Express from any and all claims or damages that may result from this national database search. A more thorough Background check can be run for an additional cost.

*Thank you for your business. We look forward to a mutually beneficial relationship.*

Company: JINDAL TUBULAR USA LLC Date 02.16.2018

Agent's Name (please print) RAMA KRISHNA Title VICE PRESIDENT OPERATIONS

Agent's Signature [signature]

© 2011 Express Services, Inc. All rights reserved

A1951 (1/11)

Ex "A"
Exhibit "A"

VERSUS

JINDAL TUBULAR USA, LLC
and EXPRESS SERVICE, INC.
d/b/a EXPRESS EMPLOYMENT
PROFESSIONALS

DEFENDANTS

STATE OF LOUISIANA

PARISH OF St. Tammany

AFFIDAVIT OF JOHN ROBERT MOORE

I, JOHN ROBERT MOORE, of my own firsthand personal information and belief, and upon my oath, do hereby state as follows, to-wit:

While employed by Express Service, Inc. d/b/a Express Employment Professionals, and working pursuant to a written contract with Jindal Tubular USA, LLC, which is attached to the Complaint as an exhibit, all of which is incorporated herein by reference, I was injured in a terrible accident. Although I had workers' compensation benefits through Express Employment Service, Inc. d/b/a Express Employment Professionals, the contract which established our employment agreement, provided for duties and obligations, separate from workers' compensation, which were not met, thereby giving rise to my Complaint. This affidavit is attached to said Complaint and is incorporated herein by reference. The facts and averments contained in the Complaint are true and correct to the best of my knowledge and belief. Express Service, Inc. d/b/a Express Employment Professionals has asserted a subrogation claim against any recovery herein, and I have authorized my attorney, Michael W. Crosby, to make any arrangements necessary to comply with my obligations regarding said subrogation, including



Ex. "B"

Exhibit "A"

him entering into an agreement with Express Service, Inc. d/b/a Express Employment Professionals for compensation.

FURTHER, AFFIANT SAYETH NOT.

JOHN ROBERT MOORE

STATE OF LOUSIANA

PARISH OF St. Tammany

PERSONALLY APPEARED before me, the undersigned authority for the above stated jurisdiction, the within named JOHN ROBERT MOORE, who, being by me first duly sworn, on oath, stated that the matters and facts contained in the above and foregoing Affidavit are true and correct to the best of his knowledge and belief.

This, the 30 day of October, 2021.

NOTAR PUBLIC
My Commission Expires: N/A

Salvadore A. Mortillaro, II
Notary Public for Life
Parish of St. Tammany, LA
Notary ID #88181

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

JOHN ROBERT MOORE and
LORI HERRMANN MOORE PLAINTIFFS

VERSUS CAUSE NO: ________________

JINDAL TUBULAR USA, LLC
and EXPRESS SERVICE, INC.
d/b/a EXPRESS EMPLOYMENT
PROFESSIONALS DEFENDANTS

STATE OF MISSISSIPPI

COUNTY OF Harrison

AFFIDAVIT OF LORI HERRMANN MOORE

I, LORI HERRMANN MOORE, of my own firsthand personal information and belief, and upon my oath, do hereby state as follows, to-wit:

1. My husband, John Robert Moore, was severely injured on November 1, 2020 while employed by Express Employment Professionals and working at Jindal Tubular USA LLC.

2. Following his injuries, my husband, John Robert Moore, was not able to have the relationship with his wife and family that we enjoyed prior to his accident, with the severe pain and suffering he endured, and as such, Lori Herrmann Moore is entitled to consortium in an amount to be determined by a jury herein.

3. Because of the injuries suffered by my husband, John Robert Moore, I am entitled to damages for loss of consortium and for such other relief, in law or equity, both general and




Exhibit "A"

specific, to which I may be entitled.

FURTHER, AFFIANT SAYETH NOT.

Lori Herrmann Moore

LORI HERRMANN MOORE

STATE OF MISSISSIPPI

COUNTY OF Harrison

PERSONALLY APPEARED before me, the undersigned authority for the above stated jurisdiction, the within named LORI HERRMANN MOORE, who, being by me first duly sworn, on oath, stated that the matters and facts contained in the above and foregoing Affidavit are true and correct to the best of his knowledge and belief.

This, the 1st day of November, 2021.

NOTARY PUBLIC
My Commission Expires:

STATE OF MISSISSIPPI NOTARY PUBLIC ID # 124564 TYLER RAY HEFLIN Commission Expires July 11, 2022 HINDS COUNTY

FEE BILL, CIVIL CASES, CIRCUIT COURT

State of Mississippi
Hancock County

MOORE VS JINDAL

Case # 21-0159 Acct # Paid By CHECK 20231 Rct# 34778

| | |
|---|---|
| CLERK'S FEES | 85.00 |
| JURY TAX | 3.00 |
| COURT REPORTERS FEE | 10.00 |
| LAW LIBRARY | 2.50 |
| COURT ADMINISTRATOR | 2.00 |
| STATE CT ED FUND | 2.00 |
| COURT CONSTITUENTS | .50 |
| ELECTRONIC COURT | 10.00 |
| LEGAL ASSISTANCE | 5.00 |
| JUDICIAL FUND-JUDGE RAISE | 40.00 |
| ARCHIVE FEE | 1.00 |
| Total | $ 161.00 |

Payment received from MIHAEL CROSBY
211025TH STREET

GULFPORT MS 39501

Transaction 50969 Received 11/ 1/2021 at 11:41 Drawer 1 I.D. JASON

Current Balance Due $0.00 Receipt Amount $ 161.00

By ______________________ D.C. KENDRA NECAISE, Circuit Clerk

Case # 21-0159 Acct # Paid By CHECK 20231 Rct# 34778

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

JOHN ROBERT MOORE PLAINTIFF

VERSUS CAUSE NO. 21-0159

JINDAL TUBULAR USA, LLC
and EXPRESS SERVICE, INC.
d/b/a EXPRESS EMPLOYMENT
PROFESSIONALS DEFENDANTS

FILED
NOV 01 2021
KENDRA NECAISE
CIRCUIT CLERK, HANCOCK CO.
BY ______ D.C.

STATE OF LOUISIANA

PARISH OF St. Tammany

AFFIDAVIT OF JOHN ROBERT MOORE

I, JOHN ROBERT MOORE, of my own firsthand personal information and belief, and upon my oath, do hereby state as follows, to-wit:

While employed by Express Service, Inc. d/b/a Express Employment Professionals, and working pursuant to a written contract with Jindal Tubular USA, LLC, which is attached to the Complaint as an exhibit, all of which is incorporated herein by reference, I was injured in a terrible accident. Although I had workers' compensation benefits through Express Employment Service, Inc. d/b/a Express Employment Professionals, the contract which established our employment agreement, provided for duties and obligations, separate from workers' compensation, which were not met, thereby giving rise to my Complaint. This affidavit is attached to said Complaint and is incorporated herein by reference. The facts and averments contained in the Complaint are true and correct to the best of my knowledge and belief. Express Service, Inc. d/b/a Express Employment Professionals has asserted a subrogation claim against any recovery herein, and I have authorized my attorney, Michael W. Crosby, to make any arrangements necessary to comply with my obligations regarding said subrogation, including



Exhibit "A"

him entering into an agreement with Express Service, Inc. d/b/a Express Employment Professionals for compensation.

FURTHER, AFFIANT SAYETH NOT.

John Robert Moore
JOHN ROBERT MOORE

STATE OF LOUSIANA

PARISH OF St. Tammany

PERSONALLY APPEARED before me, the undersigned authority for the above stated jurisdiction, the within named JOHN ROBERT MOORE, who, being by me first duly sworn, on oath, stated that the matters and facts contained in the above and foregoing Affidavit are true and correct to the best of his knowledge and belief.

This, the 30 day of October, 2021.

NOTAR PUBLIC
My Commission Expires: N/A

Salvadore A. Mortillaro, II
Notary Public for Life
Parish of St. Tammany, LA
Notary ID #88181



Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

JOHN ROBERT MOORE
and LORI HERRMANN MOORE PLAINTIFFS

VERSUS Cause No.: 21-0159

JINDAL TUBULAR USA LLC
And EXPRESS SERVICES, INC.
D/B/A EXPRESS EMPLOYMENT
PROFESSIONALS DEFENDANTS

**SUMMONS**

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

**TO: Capital Corporate Services, Inc.**
**For Jindal Tubular USA LLC**
**248 E. Capitol Street, Suite 840**
**Jackson, MS 39201**

**NOTICE TO DEFENDANT**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Michael W. Crosby Attorney at Law, whose street address is 2111 25th Avenue Gulfport, Mississippi 39501. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the things demanded in the Complaint.

You must also file the original response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court on this the 1 day of November, 2021.

KENDRA NECAISE
HANCOCK COUNTY CIRCUIT CLERK

By: ______________________
Deputy Clerk.

HANCOCK COUNTY CIRCUIT CLERK

Exhibit "A"

**Capital Corporate Services, Inc. for Jindal Tubular USA LLC**

I, the undersigned process server, serve the summons and complaint upon the person or entity named above in the manner set forth below:

_____ **First Class Mail and Acknowledged Service.** By mailing my first class mail, postage prepaid, on the date stated in the attached notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender – attached completed acknowledgment of receipt pursuant to MRCP form 1B.

_____ **Personal Service.** I personally delivered copies to ______________________________ on the _____ day of _________, 20___, where I found said person in _____________ County of the State of MS.

_____ **Resident Service.** After exercising reasonable diligence I was unable to deliver copies to said person within ___________ County, MS. I served a summons and complaint on the _____ day of _________, 20___ at the usual place of abode of said person by leaving a true and correct copy of the summons and complaint with _____________, who is the _____________ (wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of 16 years and willing to receive the summons and complaint, and thereafter on the _____ day of __________, 20___, I mailed (by first class mail, postage prepaid, copies to the person served at his usual place of abode where the copies were left).

_____ **CERTIFIED MAIL.** By mailing to an address outside Mississippi by first class mail, postage prepaid, requiring a return receipt, copies to the person served. Attached hereto is a signed return receipt and the return envelope marked "refused."

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: _______________

Name:____________________________________________________________
Address:__________________________________________________________
County and State/Zip:_______________________________________________
STATE OF MISSISSIPPI
COUNTY OF _________

PERSONALLY APPEARED before me, the undersigned authority in and for the State and County aforesaid, the within named, who being first by me duly sworn, states on his oath that the matters and facts set forth in the foregoing Proof of Summons are true and correct as therein stated.

____________________________________
Process Server signature

SWORN TO and subscribed before me on this _____ day of _____________, 20_____.

____________________________________
Notary Public
My Commission Expires:

Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

JOHN ROBERT MOORE
and LORI HERRMANN MOORE — PLAINTIFFS

VERSUS — Cause No.: 21-0159

JINDAL TUBULAR USA LLC
and EXPRESS SERVICES, INC.
D/B/A EXPRESS EMPLOYMENT
PROFESSIONALS — DEFENDANTS

**SUMMONS**

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

**TO: C T Corporation System**
**For Express Services, Inc. d/b/a Express Employment Professionals**
**645 Lakeland East Drive Suite 101**
**Flowood, MS 39232**

**NOTICE TO DEFENDANT**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Michael W. Crosby Attorney at Law, whose street address is 2111 25th Avenue Gulfport, Mississippi 39501. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the things demanded in the Complaint.

You must also file the original response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court on this the 1 day of November, 2021.

KENDRA NECAISE
HANCOCK COUNTY CIRCUIT CLERK

By: ______________________
Deputy Clerk

HANCOCK COUNTY CIRCUIT CLERK

Exhibit "A"

C T Corporation System for Express Services, Inc. d/b/a Express Employment Professionals
I, the undersigned process server, serve the summons and complaint upon the person or entity named above in the manner set forth below:

_____ **First Class Mail and Acknowledged Service.** By mailing my first class mail, postage prepaid, on the date stated in the attached notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender – attached completed acknowledgment of receipt pursuant to MRCP form 1B.

_____ **Personal Service.** I personally delivered copies to ______________________ on the _____ day of _________, 20___, where I found said person in _____________ County of the State of MS.

_____ **Resident Service.** After exercising reasonable diligence I was unable to deliver copies to said person within ___________ County, MS. I served a summons and complaint on the _____ day of _________, 20___ at the usual place of abode of said person by leaving a true and correct copy of the summons and complaint with _____________, who is the _____________ (wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of 16 years and willing to receive the summons and complaint, and thereafter on the _____ day of ___________, 20___, I mailed (by first class mail, postage prepaid, copies to the person served at his usual place of abode where the copies were left).

_____ **CERTIFIED MAIL.** By mailing to an address outside Mississippi by first class mail, postage prepaid, requiring a return receipt, copies to the person served. Attached hereto is a signed return receipt and the return envelope marked "refused."

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: _______________

Name:____________________________________________________________
Address:__________________________________________________________
County and State/Zip:_______________________________________________
STATE OF MISSISSIPPI
COUNTY OF _________
PERSONALLY APPEARED before me, the undersigned authority in and for the State and County aforesaid, the within named, who being first by me duly sworn, states on his oath that the matters and facts set forth in the foregoing Proof of Summons are true and correct as therein stated.

____________________________________
Process Server signature

SWORN TO and subscribed before me on this _____ day of _____________, 20______.

____________________________________
Notary Public
My Commission Expires:

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

JOHN ROBERT MOORE
and LORI HERRMANN MOORE

PLAINTIFFS

VERSUS

Cause No.: 21-0159

JINDAL TUBULAR USA LLC
and EXPRESS SERVICES, INC.
D/B/A EXPRESS EMPLOYMENT
PROFESSIONALS

DEFENDANTS

**SUMMONS**

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

**TO: C T Corporation System**
**For Express Services, Inc. d/b/a Express Employment Professionals**
**645 Lakeland East Drive Suite 101**
**Flowood, MS 39232**

**NOTICE TO DEFENDANT**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Michael W. Crosby Attorney at Law, whose street address is 2111 25th Avenue Gulfport, Mississippi 39501. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the things demanded in the Complaint.

You must also file the original response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court on this the 1 day of November, 2021.

KENDRA NECAISE
HANCOCK COUNTY CIRCUIT CLERK

By: ______________________
Deputy Clerk

KENDRA NECAISE HANCOCK COUNTY CIRCUIT CLERK

C T Corporation System for Express Services, Inc. d/b/a Express Employment Professionals
I, the undersigned process server, serve the summons and complaint upon the person or entity named above in the manner set forth below:

_____ **First Class Mail and Acknowledged Service**. By mailing my first class mail, postage prepaid, on the date stated in the attached notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender – attached completed acknowledgment of receipt pursuant to MRCP form 1B.

X **Personal Service.** I personally delivered copies to Matt Thibadeaux/CT Corporation System on the 1 day of Nov, 2021, where I found said person in Hinds County of the State of MS.

_____ **Resident Service.** After exercising reasonable diligence I was unable to deliver copies to said person within __________ County, MS. I served a summons and complaint on the _____ day of _________, 20___ at the usual place of abode of said person by leaving a true and correct copy of the summons and complaint with _____________, who is the _____________ (wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of 16 years and willing to receive the summons and complaint, and thereafter on the _____ day of __________, 20___, I mailed (by first class mail, postage prepaid, copies to the person served at his usual place of abode where the copies were left).

_____ **CERTIFIED MAIL.** By mailing to an address outside Mississippi by first class mail, postage prepaid, requiring a return receipt, copies to the person served. Attached hereto is a signed return receipt and the return envelope marked "refused."

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: N/A

Name: Tyler Heflin
Address: 2111 25th Ave
County and State/Zip: Gulfport, MS 39501
STATE OF MISSISSIPPI
COUNTY OF Harrison
PERSONALLY APPEARED before me, the undersigned authority in and for the State and County aforesaid, the within named, who being first by me duly sworn, states on his oath that the matters and facts set forth in the foregoing Proof of Summons are true and correct as therein stated.

[signature]
Process Server signature

SWORN TO and subscribed before me on this 5 day of Nov, 2021.

STATE OF MISSISSIPPI
MICHAEL WESLEY CROSBY
NOTARY PUBLIC
ID No. 5873
Commission Expires
October 9, 2023
HARRISON COUNTY

[signature]
Notary Public
My Commission Expires:

Exhibit "A"

IN THE CIRCUIT COURT OF HANCOCK COUNTY, MISSISSIPPI

JOHN ROBERT MOORE
and LORI HERRMANN MOORE — PLAINTIFFS

VERSUS — Cause No.: 21-0159

JINDAL TUBULAR USA LLC
And EXPRESS SERVICES, INC.
D/B/A EXPRESS EMPLOYMENT
PROFESSIONALS — DEFENDANTS

**SUMMONS**

**STATE OF MISSISSIPPI**
**COUNTY OF HANCOCK**

**TO: Capital Corporate Services, Inc.**
**For Jindal Tubular USA LLC**
**248 E. Capitol Street, Suite 840**
**Jackson, MS 39201**

**NOTICE TO DEFENDANT**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to Michael W. Crosby Attorney at Law, whose street address is 2111 25th Avenue Gulfport, Mississippi 39501. Your response must be mailed or delivered within (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the things demanded in the Complaint.

You must also file the original response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of this Court on this the 1 day of November, 2021.

KENDRA NECAISE
HANCOCK COUNTY CIRCUIT CLERK

By: ____________________
Deputy Clerk

KENDRA NECAISE HANCOCK COUNTY CIRCUIT CLERK

**Capital Corporate Services, Inc. for Jindal Tubular USA LLC**

I, the undersigned process server, serve the summons and complaint upon the person or entity named above in the manner set forth below:

_____ **First Class Mail and Acknowledged Service**. By mailing my first class mail, postage prepaid, on the date stated in the attached notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender – attached completed acknowledgment of receipt pursuant to MRCP form 1B.

__X__ **Personal Service.** I personally delivered copies to Renee Caldecott/Capital Corporate Services on the 1 day of November, 2021, where I found said person in Hinds County of the State of MS.

_____ **Resident Service.** After exercising reasonable diligence I was unable to deliver copies to said person within ___________ County, MS. I served a summons and complaint on the _____ day of _________, 20___ at the usual place of abode of said person by leaving a true and correct copy of the summons and complaint with _____________, who is the _____________ (wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of 16 years and willing to receive the summons and complaint, and thereafter on the _____ day of __________, 20___, I mailed (by first class mail, postage prepaid, copies to the person served at his usual place of abode where the copies were left).

_____ **CERTIFIED MAIL.** By mailing to an address outside Mississippi by first class mail, postage prepaid, requiring a return receipt, copies to the person served. Attached hereto is a signed return receipt and the return envelope marked "refused."

At the time of service I was at least 18 years of age and not a party to this action.

Fee for service: N/A

Name: Tyler Heflin
Address: 2111 25th Ave
County and State/Zip: Gulfport, MS 39501

STATE OF MISSISSIPPI
COUNTY OF Harrison

PERSONALLY APPEARED before me, the undersigned authority in and for the State and County aforesaid, the within named, who being first by me duly sworn, states on his oath that the matters and facts set forth in the foregoing Proof of Summons are true and correct as therein stated.

______________________
Process Server signature

SWORN TO and subscribed before me on this 5 day of Nov, 2021.

STATE OF MISSISSIPPI ★ MICHAEL WESLEY CROSBY NOTARY PUBLIC ID No. 3373 Commission Expires October 9, 2023 HARRISON COUNTY

______________________
Notary Public
My Commission Expires:

Exhibit "A"