**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**JOHN ROBERT MOORE AND
LORI HERRMANN MOORE**                                                    **PLAINTIFFS**

**v.**                                    **CIVIL ACTION NO. 1:21cv383 TBM-RHWR**

**JINDAL TUBULAR USA, LLC AND
EXPRESS SERVICES, INC. D/B/A
EXPRESS EMPLOYMENT PROFESSIONALS**                     **DEFENDANTS**

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the separate Defendant, Jindal Tubular USA, LLC ( "Jindal"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this Memorandum in Support of its Motion to Dismiss all claims asserted against Jindal in the Complaint filed by Plaintiffs, John and Lori Moore ("Moore" or collectively, "Plaintiffs"), as follows:

### Summary

Although Moore has already been compensated through a workers' compensation settlement, he files these tort claims against his employers in an attempt to obtain additional recovery. The Complaint, however, fails to state a claim under Rule 12(b)(6) because:

(1) Jindal is Moore's employer as demonstrated by the allegations in the Complaint and applicable case law;

(2) As Moore's employer, Jindal is immune from all claims in the Complaint under the exclusive remedy of the Mississippi Workers' Compensation Act;

(3) Moore has not adequately alleged any exception from workers' compensation immunity because he does not allege that Jindal acted with an "actual intent to injure" him as required by Mississippi law;

(4) To the extent Moore did plead an exemption from workers' compensation immunity, such claims are barred by their one-year statute of limitations.

For these reasons and others set forth herein, the Complaint against Jindal simply does not state any viable claim and should be dismissed.

## Standard of Review

To survive dismissal, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 (2009). Within this framework, an otherwise plausible claim will fail if it contains a "built-in defense" so that the Complaint is "essentially self-defeating." 5B Wright & Miller, FED. PRACT. & PROC. § 1357 (3d ed. 2004). In other words, the Court should dismiss under Rule 12(b)(6) "[w]hen a successful affirmative defense appears on the face of the pleadings[.]" *Miller v. BAC Home Loans Servicing L.P.*, 726 F.3d 717, 725-26 (5th Cir. 2013). This type of dismissal is routine practice within the context of workers' compensation immunity as well as the statute of limitations. *E.g.*, *Mullins v. Biglane Operating Co.*, 778 F.2d 277, 277 (5th Cir. 1985) (affirming 12(b)(6) dismissal based on workers' compensation immunity); *Whitehead v. Zurich Am. Ins. Co.*, 296 F. Supp. 2d 705, 708 (N.D. Miss. 2002) (dismissing complaint under Rule 12(b)(6) based on workers' compensation immunity), aff'd, 348 F.3d 478 (5th Cir. 2003); *see also McGee v. Willbros Const., US, LLC*, 2011 WL 6781434, at *2-3 (S.D. Miss. 2011) (J. Bramlette) (granting judgment on the pleadings based on workers' compensation immunity and statute of limitations).

## The Complaint

Moore has already been compensated through workers' compensation for his alleged injuries. (Compl., at ¶ 17) ("In the case at bar, Moore has already been compensated for the coverage provided by Workers' Compensation."). Nonetheless, in an attempt to obtain additional recovery, he filed this Complaint in tort against his employers, Jindal and Express. Jindal expressly denies the tort allegations in the Complaint, but for purposes of this Motion (only) acknowledges the Court must generally accept such allegations as true.

Jindal is a manufacturing company which makes pipes and tubes used for offshore and onshore drilling. (Compl., at ¶ 9). The Complaint alleges that Moore was an "associate" of Express, a staffing agency which provided Jindal with labor at Jindal's manufacturing plant in Mississippi. (Compl., at ¶ 8). Attached as Exhibit "A" to the Complaint is a Staffing Agreement between Express and Jindal.[1] The Complaint and Moore's Affidavit attached as Exhibit "B" to the Complaint acknowledges that pursuant to this Staffing Agreement, Moore was an employee of both Express and Jindal, alleging:

- Moore was "employed" by Express and "working pursuant to a written contract with Jindal Tubular USA, LLC". (Moore Affidavit, Ex. "B" to Compl.).

- "Jindal supervised, directed and controlled the work performed by Express associates" such as Moore. (Compl., at ¶ 8) (quoting Staffing Agreement, at ¶ 8);

- Jindal purportedly created an "unsafe workplace" for "employees" such as Moore. (Compl., at ¶¶ 10-12, 19-20, 27, 33-34, 37); and

- Jindal acted in a "dual capacity" to Moore as both his employer and as a "manufacturer" of machinery used by Jindal's workforce. (Compl., at ¶ 37).

Indeed, the Complaint readily admits that Moore's claims are an attempt to circumvent the exclusive remedy of workers' compensation against Jindal. (Compl., at ¶ 17) (reciting workers' compensation immunity and asserting Moore's claims should be excepted).

Moore's claims arise out of an accident which occurred on November 1, 2018 while Moore was working for Jindal. (Compl., at ¶ 12). According to the Complaint, Moore was repairing a dump-station underneath a large cylinder which was suspended by both a crane and adjacent

---

[1] The Court may properly consider the terms of the Staffing Agreement within the Rule 12(b)(6) analysis because it is attached to the Complaint. *See Blankenship v. Buenger*, 653 F. App'x 330, 337 (5th Cir. 2016).

cylinders. (Compl., at ¶ 12). Moore asserts that a Jindal manager directed other employees to move the crane because it was needed elsewhere, which left the cylinder with insufficient support. (Compl., at ¶ 13). The cylinder fell, striking Moore and causing injuries to his shoulder, back, ankle and body as a whole. (Compl., at ¶ 13). As a result of this injury, Moore was compensated through a workers' compensation settlement. (Compl., at ¶¶ 14, 17, 39).

Each count in the Complaint directly arises out of this accident. (Compl., at ¶¶ 21-45). The Complaint ultimately alleges that Jindal acted with "gross and reckless negligence" in failing to provide Moore with a safe workplace, complying with OHSA requirements, training or supervising its managers and laborers, and in modifying its own equipment without minimum safety features. (Compl., at ¶¶ 21-45). Specifically, Moore's claims include: (1) breach of contract; (2) bad faith breach of contract; (3) negligent infliction of emotional distress; (4) fraudulent concealment/breach of implied duty of good faith; (5) dual capacity; (6) unjust enrichment and attorneys' fees under Miss. Code Ann. § 71-3-71; and (7) loss of consortium on behalf of Lori Moore. (Compl., at ¶¶ 21-45).

## Legal Analysis

**A.  Moore's Claims are Barred by Workers' Compensation Immunity**

The Complaint concedes that Jindal was Moore's employer or, at a minimum, that Moore was a "dual employee" of both Express and Jindal. Because Jindal is Moore's employer, his claims are barred by workers' compensation immunity, and the Complaint fails to allege that Jindal acted with the requisite degree of intent to state a claim which is exempt from this immunity.

    1.    <u>Jindal Was Moore's Employer on the Face of the Complaint</u>

As discussed above, the Complaint as a whole acknowledges that Moore was an employee of both Express and Jindal. Indeed, the Complaint expressly acknowledges that Moore's claims

4

are an attempt to circumvent the exclusive remedy of workers' compensation. (Compl., at ¶ 17). The substance of Moore's claims support this conclusion. Moore alleges a breach of contract claim against Jindal based on the Staffing Agreement, which Moore's Affidavit claims established his "employment agreement." (Moore Affidavit, Ex. "B" to Compl.). Moore also asserts a claim for "dual capacity," which necessarily alleges Jindal acted as both his employer and as a "manufacturer" of machinery used by Jindal's workforce.[2] (Compl., at ¶ 37). Thus, the face of the Complaint (correctly) acknowledges that Jindal was Moore's employer.

Indeed, when employees such as Moore are assigned to work by a staffing agency such as Express, case law recognizes they become a "dual employee" of both the staffing agency and the entity for whom the work is being performed (i.e. Jindal). This is known as the "dual employee" or "borrowed servant" doctrine and is routinely applied to such staffing assignments.

Under this doctrine, "an employee may be employed by more than one employer, and both employers can be entitled to immunity from common-law tort actions under the MWCA [Mississippi Workers' Compensation Act]." *Cook v. Quickspray, Inc.*, 2014 WL 4626492, *3 (S.D. Miss. 2014) (J. Ozerden). This often occurs, as in this case, "where a temporary employment agency assigns an employee to that employer and the employee performs the normal work of the second employer and is controlled and supervised by that employer." *Id.* (quoting *Northern Elec. Co. v. Phillips*, 660 So. 2d 1278, 1282 (Miss. 1995); *see also Turner v. Entergy Miss., Inc.*, 139

---

[2] As explained *infra*, Mississippi does not recognize a claim against an employer for dual capacity. The point here is that the doctrine is premised on the defendant (i.e. Jindal) operating in a capacity in addition to that of an employer. As summarized by the Mississippi Supreme Court:

> Under this doctrine, an employer normally shielded from tort liability by the exclusive remedy principle may become liable in tort to his own employee if he occupies, in addition to his capacity as employer, a second capacity that confers on him obligations independent of those imposed on him as employer.

*Trotter v. Litton Sys., Inc.*, 370 So. 2d 244, 245 (Miss. 1979) (declining to accept doctrine) (emphasis added).

So. 3d 115, 117 (Miss. Ct. App. 2014) (holding that plaintiff was "properly classified as a dual employee" of both staffing agency and company performing work).

Mississippi courts have identified three questions to guide this inquiry: "(1) whose work was being performed; (2) who controls or has the right to control the workman as to the work being performed; and (3) has the workman voluntarily accepted the special employment." *Baldwin v. Kelly Serv., Inc.*, 121 So. 3d 275, 277 (Miss. Ct. App. 2013). Whether the "dual employee" or "loaned servant" doctrine applies may be determined as a matter of law. *See Taylor v. Kay Lease Serv., Inc.*, 761 F.2d 1107, 1109 (5th Cir. 1985); *Northern Elec. Co.*, 660 So. 2d at 1282. For example, in *Cook*, Judge Ozerden dismissed one defendant under an improper joinder analysis based on the determination as a matter of law that plaintiff was a "dual employee" of that defendant on similar facts as alleged by Moore in this case. 2014 WL 4626492, at *3.

The allegations of the Complaint and the Staffing Agreement attached to the Complaint establish that Moore was a "dual employee" of Jindal and Express because: (1) Express assigned him to work for Jindal; (2) the work being performed was for Jindal; and (3) Jindal "supervised, directed and controlled" the work being performed. (Compl., at ¶ 8); (Staffing Agreement, Ex. "A" to Compl., at ¶ 8); *see also* (Compl., at ¶ 13) (describing accident and alleging how Jindal's supervised and directed the work in a manner which purportedly led to the injury).

In sum, the Complaint's allegations establish that Jindal was Moore's employer or, at a minimum, that Moore was a "dual employee" of both Jindal and Express.

2. <u>Workers' Compensation is Plaintiffs' Exclusive Remedy Against Jindal</u>

Because Jindal is Moore's employer, his claims are barred by workers' compensation immunity. The Complaint fails to allege that Jindal acted with the requisite degree of intent

required to state any claim which is exempt from this immunity. As a result, the Complaint fails to state a claim to survive dismissal under Rule 12(b)(6).

Miss. Code Ann. § 71-3-9 provides in pertinent part: "The liability of an employer to pay compensation shall be exclusive and in place of all other liability of such employer to the employee . . . on account of such injury or death[.]" *Id*. This is known as the exclusive remedy doctrine, which provides immunity to employers for any common law claims asserted by employees which arise out of accidental injuries occurring in the workplace. *See Mullins v. Biglane Operating Co.*, 778 F.2d at 279 ("[C]ommon law tort liability should not be stretched to include *accidental* injuries, even ones which allegedly could have been prevented through greater diligence and care being taken by the employer.") (affirming 12(b)(6) dismissal because on the face of the complaint, plaintiff's injury was the result of an accident compensable under the MWCA).

The Mississippi Supreme Court has created a narrow exception to this exclusive remedy only if the employer acted with an "<u>actual intent to injure</u>" the employee. *See Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (emphasis added). "A mere willful and malicious act is insufficient to give rise to the intentional tort exception to the exclusive remedy," and even "reckless or grossly negligent conduct is not enough to remove a claim from the exclusivity of the MWCA." *Id*. (quoting *Blailock v. O'Bannon*, 795 So. 2d 533, 535 (Miss. 2001). Workers' compensation immunity will not be defeated even by an employer "knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job." *Pinnacle Tr. Co. v. Babcock & Wilcox Power Generation Grp., Inc.*, 2013 WL 5674381, at *7 (N.D. Miss. 2013) (quoting *Fulton v. Baxter Healthcare Corp.*, 2005 WL 3115761, *1 (N.D. Miss. 2005)).

The Mississippi Supreme Court has further instructed that allegations which do not meet this criteria should dismissed under Rule 12(b)(6):

> In sum, for a tort claim against an employer to fall outside the MWCA and survive Rule 12(b)(6) dismissal, a plaintiff must allege that the actions of the employer went beyond negligence, gross negligence, or recklessness.  In order to succeed on such a claim, **the plaintiff must allege and prove that the employer acted with an actual intent to injure the employee, with full knowledge that the employee would be injured and with the purpose of the action being to cause injury to the employee**.

*Bowden*, 120 So. 3d at 976 (emphasis added).  In fact, even an allegation that the employer had an "actual intent to injure" is subject to dismissal if the Complaint otherwise does not support such an allegation.  *Id*. at 977; *see also Pinnacle Tr. Co.*, 2013 WL 5674381, at *4 ("Essentially, the Mississippi Supreme Court has held that if the facts alleged or proven point to negligence, gross negligence, or recklessness, despite an allegation of actual intent, the court should find that workers' compensation is the sole avenue for relief for the aggrieved party.").

 The entire Complaint is subject to dismissal under this analysis.  Although the Complaint expressly recognizes the breadth of the exclusive remedy doctrine (Compl., at ¶ 17), **there is no allegation that Jindal acted with an "actual intent to injure" Moore**.  *See* (Compl.).  Each claim in the Complaint is instead premised on an accident which is alleged to have been the result of "<u>gross and reckless negligence</u>."  (Compl., at ¶ 10).  Even the separate counts in the Complaint, which incorporate the allegations of Paragraph 10, do not allege that Jindal acted with the requisite intent required by Mississippi law.  *See* (Compl., at ¶¶ 21-24) (breach of contract based on "default" in performance of Staffing Agreement); (Compl., at ¶¶ 25-29) (bad faith breach of contract based on "willful breach" alleged to have been done with "malice, insult and abuse"); (Compl., at ¶¶ 30-31) (negligent infliction of emotional distress based on "unlawful conduct" which was "known" to be "likely to produce emotional distress"); (Compl., at ¶¶ 32-36)

8

(fraudulent concealment/breach of implied duty of good faith based on "willful breach" of contract alleged to done with "malice, insult and abuse," without an "arguable basis," and "willful" and "grossly negligent"); (Compl., at ¶ 37) (dual capacity claim based on an unidentified "unsafe product"); (Compl., at ¶¶ 38-39) (unjust enrichment with no specific conduct alleged); (Compl., at ¶¶ 40-41) (loss of consortium claim derivative of other counts).

The Complaint's allegations, which at best allege "gross or reckless negligence," "malice," or "willful" conduct "likely" to cause injury, are insufficient to withstand dismissal under Mississippi law. *See Bowden*, 120 So. 3d at 976 (allegations of a "willful and malicious act" or even "reckless and grossly negligent conduct" cannot defeat the exclusivity of the MWCA); *Pinnacle Tr. Co.*, 2013 WL 5674381, at *7 (immunity is not defeated by "knowingly permitting hazardous conditions to exist or willfully failing to furnish a safe place to work or knowingly ordering the employee to perform a dangerous job."). The *Bowden* case is illustrative. There, formers employees sued their employer for battery, intentional infliction of emotional distress, nuisance and conspiracy for allegedly intentionally, willingly and knowingly permitting toxic mold and sewage backup in the workplace. 120 So. 3d at 971-75. The Supreme Court noted, however, that "none of the claims asserts that [defendant] acted with 'actual intent' to injure the plaintiffs." *Id*. at 979. In reiterating that an employee must allege an "actual intent to injure" to defeat the exclusivity of the MWCA, the Supreme Court reversed the trial court's denial of a 12(b)(6) motion to dismiss and rendered judgment in favor of the employer. *Id*. at 982; *see also Mullins*, 778 F.2d at 277 (affirming 12(b)(6) dismissal based on workers' compensation immunity and allegations in complaint); *Harris v. Maximus, Inc*., 2020 WL 3980205, at *2 (S.D. Miss. 2020) (J. Starrett) (granting motion to dismiss because "claims of negligent infliction of emotional against one's employer are barred by the MCWA.") (internal citation omitted)).


The Complaint's failure to allege "actual intent to injure" is for good reason. The incident giving rise to each claim clearly depicts an <u>accident</u>, which is at best negligence or like conduct even accepting the allegations as true. (Compl., at ¶ 13).³ Standing alone, this supports dismissal even if the Complaint had alleged "actual intent to injure." *See Bowden*, 120 So. 3d at 977; *Pinnacle Tr. Co.*, 2013 WL 5674381, at *4 ("[I]f the facts alleged or proven point to negligence, gross negligence, or recklessness, despite an allegation of actual intent, the court should find that workers' compensation is the sole avenue for relief for the aggrieved party."). The Complaint's omission of an "actual intent to injure," however, removes any doubt and requires dismissal under 12(b)(6). *E.g., Bowden*, 120 So. 3d at 982; *Mullins*, 778 F.2d at 277; *Harris*, 2020 WL 3980205, at *2. Should the Court agree, it may read no further.

> **B.    Plaintiffs' Claims are Time-Barred to the Extent the Complaint States a Claim Under the Workers' Compensation Immunity Exception**

To the extent the Complaint states a claim that is exempt from workers' compensation immunity (which it does not, for reasons above), such claim(s) are in substance for assault, battery or other like conduct. Since the Complaint was filed well after the one year statute of limitations for such claims, dismissal is proper for this independent reason.

Miss. Code Ann. § 15-1-35 provides:

> All actions for assault, assault and battery, maiming, false imprisonment, malicious arrest, or menace, and all actions for slanderous words concerning the person or title, for failure to employ, and for libels, shall be commenced within one (1) year next after the cause of such action accrued, and not after.

This statute applies to not only assault and battery, but "has been interpreted to encompass other intentional acts that are substantially similar to those enumerated therein." *McGee v. Willbros Const., US, LLC*, 2011 WL 6781434, at *2 (S.D. Miss. 2011) (J. Bramlette). When

---

³ Moore's Affidavit even describes him being injured in an "accident." (Moore Affidavit, Ex. "B" to Compl.).

10

determining whether this statute applies, Courts look to the substance of the claims, and the label is not controlling. "[C]ourts are not bound to accept a plaintiff's style of the cause of action and may look to the essence of the action to determine whether Mississippi's one-year statute of limitations applies." *Id*; *see also Walker v. City of Gulfport*, 2014 WL 12649008, at *10 (S.D. Miss. 2014) (J. Guirola) (same; quoting *McGee*). "The rationale behind this approach is to prevent a plaintiff from mischaracterizing his tort claims in an attempt to escape the statute's reach." *Id.*; *see also Walker*, 2014 WL 1269008 (same); *Howard v. Wilson*, 62 So. 3d 955, 956 (Miss. 2011) (intentional acts may not be couched as negligence to escape the one-year limitations period).

This analysis applies here. The act giving rise to each count in the Complaint is that a cylinder fell which struck Moore on his shoulder—an act, which if done intentionally with an "actual intent to injure" Moore to escape workers' compensation immunity would amount to common law assault and battery.[4] (Compl., at ¶ 13). Since the Complaint was filed well after the one-year limitations period for such claims, it is time-barred and should be dismissed.

Several cases have dismissed nearly identical claims under this analysis. In *McGee*, a pipeline welder sued his employer for injuries sustained at work. 2011 WL 6781434, at *1. According to the complaint, the plaintiff was instructed by his supervisor to crawl into a pipeline for repairs, and while he was in the pipe another employee heated the pipe exterior to over 300 degrees, causing severe burns to the plaintiff. *Id.* Although the complaint did not allege a specific intentional tort, it alleged that the employer's actions were "intentional, willful, wanton, malicious, reckless, grossly negligent and substantially certain to cause injury." *Id.* Judge Bramlette found

---

[4] The tort of assault occurs when a person: (1) acts intending to cause a harmful or offensive contact with another person and; (2) that other person is thereby put on imminent apprehension. *See Howard*, 62 So. 3d at 957. The tort of battery goes one step further in that the harmful contact actually occurs. *Id*.

11

that despite the label of the claims, that "such allegations are in essence causes of action of assault and battery," and were therefore barred by the one-year limitations period. *Id*. at *3.

Judge Aycock conducted a similar analysis in *Pinnacle Tr. Co.*, 2013 WL 5674381. The plaintiff alleged that his employer deliberately refused to supply him with proper safety equipment, exposing him to fumes which resulted in lung cancer. *Id*. at *1. Judge Aycock found that to the extent plaintiff had adequately alleged an "actual intent to injure" to survive workers' compensation immunity, that plaintiff's claims were in essence for assault and battery and barred by the one-year period. *Id*. at 10 ("To the extent that Plaintiff alleges that B & W created hazardous conditions calculated to cause him injury or failed to provide respirators with intent to cause him harm, such allegations are in essence causes of action of assault and battery, each of which must be brought within a year of when the cause of action accrued.").

Numerous other state and federal cases in Mississippi reach the same conclusion. *See, e.g., Walker*, 2014 WL 12649008 (J. Guirola) (ordering Michael Crosby, Esq., to show cause why actions relating to alleged mistreatment by police officers should not be dismissed under one-year statute, because "there is no such thing as a 'negligent assault' or a 'negligent battery.'"); *Jordan v. Premier Ent. Biloxi, LLC*, 2014 WL 5773762, at *4 (S.D. Miss. 2014) (J. Guirola) (holding claims of negligence and reckless disregard related to plaintiff's treatment by security personnel were "akin to common law assault and battery" and time-barred); *Reeg v. Keel*, 174 So. 3d 309, 312 (Miss. Ct. App. 2015) (affirming Judge Bourgeois's dismissal of employee's claims for intentional torts against employer under one-year statute of limitations).

The Court should follow this precedent and dismiss the Complaint against Jindal for the same reasons. To the extent the Complaint states a claim that is exempt from workers'

12

compensation immunity (which it does not), such claim(s) are in substance for assault, battery or other like conduct, and are barred by the one-year limitations period.

### C. Plaintiffs' Claims Should be Also be Dismissed for Independent Reasons

There are numerous pleading deficiencies in the Complaint which support dismissal in addition to those set forth above. Each is discussed separately.

1. <u>Dual Capacity is Not Recognized in Mississippi</u>. The Complaint alleges a confusing claim for "dual capacity," asserting that Jindal "reverse engineered" equipment used by its workers. (Compl., at ¶ 37). Although no specific equipment is identified, and no specific defect is alleged,[5] the Complaint asserts that Jindal should thus be liable in a "dual capacity" as a "manufacturer" in addition to its role as Moore's employer. (*Id.*).

The "dual capacity" doctrine provides that an employer may be liable in tort to an employee when the employer assumes an identity separate from its role as employer. 2A LARSON, Workmen's Compensation Law, § 72.81. The Mississippi Supreme Court, however, has expressly rejected the "dual capacity" doctrine. *See Trotter v. Litton Sys., Inc.*, 370 So. 2d 244, 245 (Miss. 1979). This Court has also rejected the doctrine, refusing to expand employer liability in the absence of a decision from the Mississippi Supreme Court. *See Rader v. U.S. Rubber Reclaiming Co.*, 617 F. Supp. 1045, 1046 (S.D. Miss. 1985) (rejecting dual capacity claim based on allegedly defective machine which employer altered). Sound policy supports this. As this Court noted in *Rader*, "imagine how much would remain of employer immunity if it were forfeited every time an employer adjusted or tinkered with a machine." *Id.* (quoting Larson, at § 72.81).

---

[5] The Complaint's failure to allege any specific product defect or any connection to such defect and Moore's injury further warrants dismissal under a product's liability analysis. *See Bryant v. Thoratec Corp.*, 342 F. Supp. 3d 594, 610 (S.D. Miss. 2018) (J. Starrett) (dismissing product liability claim).

2. <u>Fraudulent Concealment Fails as a Matter of Law</u>. The Complaint alleges fraudulent concealment based on Jindal allegedly "concealing" known injuries to prior workers, thereby creating an expectation of a safe workplace. (Compl., at ¶¶ 33-34). This claim is subject to dismissal because: (1) no fiduciary relationship exists between Jindal and Moore as required for this claim; and (2) even if it did, the Complaint lacks the specificity required by Rule 9(b).

In Mississippi, "a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted." *Taylor v. Southern Farm Bureau Cas. Co.*, 954 So. 2d 1045, 1049 (Miss. Ct. App. 2007). "The duty [to disclose] generally arises only where there is a <u>fiduciary relationship</u> between the parties." *Id.*; *see also Allstate Life Ins. Co. v. Parnell*, 292 Fed. Appx. 264, 274-75 (5th Cir. Miss. 2008) (same; applying Mississippi law).

No fiduciary relationship exists between an employer and an employee. "No Mississippi court has created a fiduciary relationship or allowed a claim for breach of a fiduciary duty based on a mere employment contract or relationship between an employer and employee." *Watkins v. United Parcel Serv., Inc.*, 797 F. Supp. 1349, 1362 (S.D. Miss.), aff'd, 979 F.2d 1535 (5th Cir. 1992); *see also Mitchell v. Tower Auto. Operations USA I, LLC*, 2014 WL 580141, at *2 (S.D. Miss. Feb. 12, 2014) ("Mississippi courts generally do not recognize a fiduciary duty between an employer and employee."). Since no fiduciary relationship exists between Jindal and Moore as a matter of law, Jindal had no legal duty to disclose the allegedly "concealed" information from Moore. Absent such a legal duty, the fraudulent concealment claim should be dismissed. *See Marsh v. Wallace*, 666 F. Supp. 2d 651, 665-66 (S.D. Miss. 2009) (dismissing concealment claim because defendant had no legal duty to disclose the information); *Mabus v. St. James Episcopal Church*, 13 So. 3d 260, 265 (Miss. 2009) ("In the absence of a fiduciary relationship . . . we find that Julie's claim of fraudulent concealment against McBride must fail.").

Even if a fiduciary relationship existed (which it does not), the fraudulent concealment claim lacks the required specificity under Fed. R. Civ. P. 9(b). The Complaint fails to identify *what* "laws and regulations" were purportedly violated, *what* "misconduct" was purportedly not reported to OSHA, *what* "known injuries" to prior workers was not disclosed, *who* purportedly failed to disclose this information (Express or Jindal), *when* this alleged concealment occurred, *when* Moore purportedly relied on any such concealment, and whether such concealment was even material. (Compl., at ¶¶ 33-34). "Such vague, generalized allegations are insufficient to meet the standard required by [Federal] Rule of Civil Procedure 9(b), and thus, Plaintiff's claims for fraud and misrepresentation must be dismissed." *Taylor v. Ocwen Loan Servicing, LLC*, 2014 WL 280399, at *4 (N.D. Miss. 2014) (dismissing fraudulent concealment claim).

Indeed, the Fifth Circuit "interprets Rule 9(b) strictly, requiring a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrman Holdings Ltd. v. Lucent Technologies*, 302 F.3d 552, 564-65 (5th Cir.2002) (internal quotations omitted). The Complaint's fraudulent concealment claim fails these basic pleading requirements, and thus should be dismissed for this independent reason. *Id*. at 565 (affirming dismissal of fraud claim for lack of pleading specificity; *Isby Brandon v. Beverly Enterprises, Inc*., 2007 WL 1087490, at *2 (N.D. Miss. 2007) (dismissing fraud claim which failed to specify the date or location).

3. <u>Unjust Enrichment is Not a Claim but a Remedy</u>. The Complaint asserts a "claim" for unjust enrichment under Miss. Code Ann. § 71-3-71. (Compl., at ¶¶ 38-39). Essentially, Moore seeks to deduct the costs of this lawsuit from any proceeds awarded in this matter after any reimbursement owed Express under Miss. Code Ann. § 71-3-71. (*Id*.). Section § 71-3-71, however, does not provide a private right of action, but rather is merely a statutory procedure for

15

allocation of tort proceeds following recovery under workers' compensation. Indeed, "this Court has recognized that unjust enrichment is considered to be a remedy, rather than an independent theory of recovery." *Mosely v. Geico Ins. Co.*, 2014 WL 7882149, at *5 (S.D. Miss. 2014) (J. Guirola). This claim should be dismissed for this independent reason.

4. <u>Loss of Consortium is a Derivative Claim</u>. The Complaint asserts a loss of consortium claim on behalf of Moore's wife. (Compl., at ¶¶ 40-41). Under Mississippi law, this is a derivative claim and must be dismissed for the same reasons as Moore's claims as discussed herein.[6] *See Applewhite v. Dep't of Veterans Affs.*, 364 Fed. Appx. 97, 100-01 (5th Cir. 2010).

WHEREFORE, PREMISES CONSIDERED, Defendant, Jindal Tubular USA, LLC, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss all claims, with prejudice, asserted against it in the Complaint, with all costs assessed to Plaintiffs.

Respectfully submitted, this the 20th day of December, 2021.

                JINDAL TUBULAR USA, LLC

                BY:    BALCH & BINGHAM LLP

                BY:    *s/ Matthew W. McDade*
                           OF COUNSEL

ARMIN J. MOELLER, JR. (MSB#3399)
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com

---

[6] Indeed, workers' compensation provides the exclusive remedy for not only the employee, but his "legal representative, husband <u>or wife</u> . . ." Miss. Code Ann. § 71-3-9 (emphasis added).

MATTHEW W. MCDADE (MSB # 103207)
BRYAN C. SAWYERS (MSB # 104177)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com
bsawyers@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record registered with the CM/ECF system.

This 20th day of December, 2021.

/s/ *Matthew W. McDade*
Of Counsel