UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

JOHN ROBERT MOORE AND
LORI HERRMANN MOORE             **PLAINTIFFS**

v.         CIVIL ACTION NO. <u>1:21cv383 TBM-RHWR</u>

JINDAL TUBULAR USA, LLC AND
EXPRESS SERVICES, INC. D/B/A
EXPRESS EMPLOYMENT PROFESSIONALS     **DEFENDANTS**

## REPLY IN SUPPORT OF MOTION TO DISMISS

COMES NOW, the separate Defendant, Jindal Tubular USA, LLC ("Jindal"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and files this Reply in Support of its Motion to Dismiss [Dkts. #9, 10] all claims asserted against Jindal in the Complaint filed by Plaintiffs, John and Lori Moore ("Moore" or collectively, "Plaintiffs"), as follows:

Plaintiffs' Response does not direct this Court to any allegation in the Complaint or legal authority to overcome dismissal under Fed. R. Civ. P. 12(b)(6). Therefore, as set forth below, dismissal is proper for all the reasons identified in Jindal's Motion to Dismiss [Dkt. #10].

### A. Moore's Claims are Barred by Workers' Compensation Immunity

Plaintiffs' Response expressly admits that Jindal was Moore's employer. (Plaintiffs' Response to Jindal's Motion to Dismiss, Dkt. #14, at ¶ 1) ("Admitted: Jindal was Moore's employer"). Indeed, as discussed in Jindal's Motion to Dismiss [Dkt. #10, pp. 3-5], the Complaint as a whole also recognizes Jindal as an employer. Jindal's Motion to Dismiss [Dkt. #10, pp. 5-6] also set forth extensive Mississippi case law that, under the allegations of the Complaint, as a matter of law Moore is considered a "dual employee" or "borrowed servant" of both Jindal and Express, and therefore Jindal is entitled to workers' compensation immunity. *See, e.g. Cook v. Quickspray, Inc.*, 2014 WL 4626492, *3 (S.D. Miss. 2014) (J. Ozerden).

12710716.2

**Plaintiffs' Response does not contest any of the foregoing.** Because Jindal is admittedly Moore's employer, however, all of Moore's claims against Jindal are subject to the exclusive workers' compensation remedy provision within Miss. Code Ann. § 71-3-9. As explained in Jindal's Motion to Dismiss [Dkt. #10, pp. 6-10], each claim in the Complaint is premised on an <u>accident</u> which is alleged to have been the result of "gross and reckless negligence" (Compl., at ¶ 10), which is insufficient to state a claim against an employer such as Jindal under settled Mississippi law. *See, e.g., Bowden v. Young*, 120 So. 3d 971, 976 (Miss. 2013) (alleging "negligence, gross negligence or recklessness" is insufficient to survive Rule 12(b)(6) dismissal based on workers' compensation immunity). The only exception to this workers' compensation immunity is if the employer acted with an "<u>actual intent to injure</u>" the employee. *Id*.

Plaintiffs' Response [Dkts. #14, 18] does not dispute that the Complaint contains no allegation that Jindal acted with an "actual intent to injure" Moore. To the contrary, Plaintiffs' concede that Moore is <u>not</u> asserting that Jindal acted with the intent necessary for the workers' compensation immunity exception to apply. (Plaintiffs' Response, Dkt. #18, p. 2) ("[B]oth Defendants claim that the only exception to the exclusive remedy of Worker's Compensation is when an 'intent to injury' is alleged, which is limited by a one-year statute of limitations. Again, Defendants are making an argument that does not apply to the claims in the case at bar.").

Plaintiffs' Response [Dkt. #18, p. 6] instead *argues* two additional exceptions to workers' compensation immunity *should* exist under Mississippi law. These are: (a) that Jindal is liable under the "dual capacity" doctrine, which has never been recognized in Mississippi as discussed below; and (b) that Jindal is liable to Moore as a purported third-party for "contractual damages" under the indemnity provision in the Staffing Agreement between Jindal and Express. (Plaintiffs' Response, Dkt. #18, pp. 6-9). The problem with Plaintiffs' argument regarding the alleged

12710716.2

"contractual damages" is that no legal authority is cited for this proposition because Mississippi law does not recognize such an exception to workers' compensation immunity. This is highlighted by the sole case cited by Plaintiffs, *Heritage Cablevision v. New Albany Elec. Power Sys. of City of New Albany*, 646 So. 2d 1305 (Miss. 1994). According to Plaintiffs, this case "recognized the right of third-parties, such as Moore, to benefit from a written agreement which operated outside of the Worker's Compensation law." (Plaintiffs' Response, Dkt. #18, p. 7). That is not an accurate statement of the law. The Mississippi Supreme Court did not hold that an <u>employee</u> may maintain an action against his employer for workplace injuries based on an indemnity provision or under any other contractual theory. Rather, in *Heritage Cablevision*, the Mississippi Supreme Court merely recognized that a <u>third-party</u> (i.e. not an employee) may enforce a contractual indemnity provision against an employer for claims brought by the employee. *Id*. at 1314 (adopting majority rule that "workmen's compensation acts do not bar a claim for indemnity <u>by the third-party</u> from the employer when that claim is based on an express contract of indemnity.") (emphasis added).

To illustrate, in *Heritage Cablevision*, an employee of Heritage Cablevision was injured while on the job and sued New Albany Electric as a third-party. *Id*. at 1307-08. New Albany Electric, in turn, had a contract for indemnification with Heritage Cablevision for such claims arising out of their contractual arrangement, which it sought to enforce. *Id*. In other words, the employee was not alleging a claim against his employer based on this indemnity provision, as Moore does in this case. Heritage Cablevision sought to void the indemnity provision based on its workers' compensation immunity under Miss. Code Ann. § 71-3-9. *Id*. The Mississippi Supreme Court simply found that New Albany Electric as a third-party could enforce the indemnity provision without violating the public policy behind the exclusive workers' compensation remedy because the employee would still ultimately be compensated for his injuries (just as Moore has

3

already been compensated). *Id*. at 1314. The Mississippi Supreme Court did not hold an employee may bring a cause of action against his employer based on such an indemnity provision, and did not create any new exception to workers' compensation immunity. Nor do the cases which have cited *Heritage Cablevision* stand for such a proposition. *See Ellis v. Landings Assocs., Ltd.*, 2006 WL 568706, at *4 (S.D. Miss. Mar. 7, 2006) (merely recognizing that third-party contractor could bring contract-based indemnity claim against the employer for claims asserted by employee against the third-party contractor); *Harris v. Nichols Concrete Equip. Co.*, 2005 WL 8170129, at *3 (S.D. Miss. May 5, 2005) (same). The *Heritage Cablevision* case is completely inapplicable.

Rather, it is well-settled that the exclusivity of the Workers' Compensation Act bars ***all common law claims*** against an employer for accidental injuries sustained in the workplace, regardless of how those causes of action are labeled. "Simply put, a claimant is barred from filing an action at common law, other than an intentional tort, against his employer or co-employee for injury or death sustained while in the course and scope of his employment." *Velazquez v. Mississippi Power Co.*, 2012 WL 1898898, at *3 (S.D. Miss. 2012) (J. Starrett) (quoting *Sawyer v. Head*, 510 So. 2d 472, 477 (Miss. 1987)). As the Fifth Circuit has instructed, the "only" inquiry is "whether the injury is compensable under the [A]ct." *Tanks v. Lockheed Martin Corp.*, 417 F.3d 456, 462 (5th Cir. 2005) (applying Mississippi law and holding workplace shooting by a third-party was compensable, and thus barred common law claims against employer).[1] A breach of contract claim is a common law claim. *See Harris v. Bd. of Trustees of State Institutions of Higher Learning*, 731 So. 2d 588, 590 (Miss. 1999); *Gooch v. Farmers Mktg. Ass'n*, 519 So. 2d 1214,

---

[1] This principal was recently confirmed by the Mississippi Supreme Court. *See Schaffner Mfg. Co., Inc. v. Powell*, No. 2020-IA-00320-SCT, 2022 WL 57769, at *2 (Miss. Jan. 6, 2022) (In reversing the trial court's denial of a motion to dismiss claims for, among other things, failure to provide a safe work environment, the Mississippi Supreme Court held that "[w]hether the exclusivity bar applies is ultimately a question of whether the injury alleged falls under the definition of injury in the Act.").

1216 (Miss. 1988); *Franklin Cty. Co-op. v. MFC Servs. (A.A.L.)*, 441 So. 2d 1376, 1378 (Miss. 1983) ("it is apparent that appellant stated a set of facts supporting a common law action for breach of contract").

Moore's injuries are admittedly compensable under the Act. Indeed, Moore has already received workers' compensation benefits and the Complaint expressly states this lawsuit is an attempt to circumvent the exclusive remedy provision. (Compl., at ¶ 17). None of the claims asserted, however, fall within the only recognized exception by the Mississippi Supreme Court that Jindal had an "actual intent to injure" Moore. *See Bowden v. Young*, 120 So. 3d at 976. Although Moore argues that another "contractual damages" exception should exist, Moore simply "makes this argument as an appeal to the notions of fair play and equity, without citing any authority." *Velazquez*, 2012 WL 1898898, at *3 (rejecting unsupported legal theory and granting employer's motion to dismiss employee's claims for workplace injuries). Accordingly, all claims against Jindal are barred by workers' compensation immunity and should be dismissed.

### B. Plaintiffs' Claims are Time-Barred to the Extent the Complaint States a Claim Under the Workers' Compensation Immunity Exception

This Court can also properly dismiss the Complaint for the alternative, independent reason that all of Moore's claims are barred by the one (1) year statute of limitations in Miss. Code Ann. § 15-1-35. As set forth in Jindal's Motion to Dismiss [Dkt. #10, pp. 10-12], which need not be revisited in-depth here, the act giving rise to each count in the Complaint is that a cylinder fell and struck Moore on his shoulder. If such act was done intentionally, it would fall within the "actual intent to injure" exception to workers' compensation immunity. However, if done intentionally, this act would amount to common law assault or battery, and those claims are barred by the one year (1) limitations period for such claims.

Plaintiffs' Response [Dkt. #14, 18] does not contest that under this analysis, all claims in the Complaint are time-barred and subject to dismissal. Indeed, Plaintiffs' Response does not even attempt to argue or explain how the *substance* of the claims asserted would not amount to common law assault and battery—Plaintiffs' Response instead simply doubles down in stating that the *label* of the claims asserted are subject to a three (3) year limitations period. (Plaintiffs' Response, Dkt. #14, at ¶ 1) ("The one-year statute of limitations is not applicable to the claims in the case at bar, as all claims in the Complaint, including the fraudulent breach of contract, are covered by Mississippi's three-year statute of limitations."). However, under the extensive case law set forth in Jindal's Motion to Dismiss, Courts ignore the label and instead look to the substance of the claims asserted, and have in <u>nearly identical scenarios</u> found that dismissal is proper under the one (1) year statute of limitations. *See, e.g.*, *McGee v. Willbros Const., US, LLC*, 2011 WL 6781434, at *2 (S.D. Miss. 2011) (J. Bramlette) (dismissing claims brought by employee who was burned at work by a heated pipe because substance of claims was for assault and battery).

The same analysis applies here. Dismissal is proper for this independent reason.

**C.  Plaintiffs' Claims Should be Also be Dismissed for Independent Reasons**

Jindal's Motion to Dismiss [Dkt. #10, pp. 13-16] further set forth various other reasons why the Complaint is subject to dismissal, which need only be briefly revisited here.

1.  <u>Dual Capacity is Not Recognized in Mississippi</u>. Moore's claim against Jindal for "dual capacity" has been expressly rejected by the Mississippi Supreme Court. (Jindal's Motion to Dismiss, Dkt. #10, p. 13) (citing *Trotter v. Litton Sys., Inc*., 370 So. 2d 244, 245 (Miss. 1979)). The only attempt in Plaintiffs' Response to address this is contained in a footnote in which Plaintiffs cite no legal authority to the contrary, but merely argue that the Staffing Agreement created some "extra duty" for Jindal not to "manufacture" unsafe machinery. (Plaintiffs'

Response, Dkt. #18, p. 6 n.2). This Court should decline Plaintiffs invitation to create such a new exception to workers' compensation immunity in Mississippi. For the reasons stated above, the only exception is if an employer has an "actual intent to injure" the employee, and Moore has admittedly not asserted such a claim. The "dual capacity" claim should be dismissed.

      2.    <u>Fraudulent Concealment Fails as a Matter of Law</u>. As discussed in Jindal's Motion to Dismiss [Dkt. #10, pp. 14-15], Moore's fraudulent concealment claim is subject to dismissal because: (1) no fiduciary relationship exists between Jindal and Moore as required for this claim; and (2) even if it did, the Complaint lacks the specificity required by Rule 9(b). Plaintiffs' Response does not dispute that the allegations of the Complaint are insufficient under Rule 9(b). Therefore, the Court may properly dismiss this claim on that basis, and an abundance of case law supports such a dismissal. *See e.g.*, *Taylor v. Ocwen Loan Servicing, LLC*, 2014 WL 280399, at *4 (N.D. Miss. 2014) (dismissing fraudulent concealment claim under Rule 9(b)).

Plaintiffs make a passing argument with respect to the fiduciary duty necessary for this claim. According to Plaintiffs, whether a fiduciary duty exists is generally a question of fact and should exist because Moore's life was placed in the "trust" of Jindal. (Plaintiffs' Response, Dkt. #18, pp. 9-10). In Mississippi, however, no fiduciary duty exists as a <u>matter of law</u> between an employee and an employer. *See Watkins v. United Parcel Serv., Inc.*, 797 F. Supp. 1349, 1362 (S.D. Miss.), aff'd, 979 F.2d 1535 (5th Cir. 1992). ("No Mississippi court has created a fiduciary relationship or allowed a claim for breach of a fiduciary duty based on a mere employment contract or relationship between an employer and employee."). Plaintiffs' Response cites no legal authority to the contrary. Since no fiduciary duty exists as a matter of law, Jindal had no legal duty to disclose the allegedly "concealed" information. Absent such a legal duty, this claim should likewise be dismissed. *See Marsh v. Wallace*, 666 F. Supp. 2d 651, 665-66 (S.D. Miss. 2009).

3. <u>Unjust Enrichment is Not a Claim but a Remedy</u>. This claim is due to be dismissed because this Court has recognized that "unjust enrichment" is a type of remedy rather than an independent claim. (Jindal's Motion to Dismiss, Dkt. #10, pp. 15-16). Plaintiffs' Response does not dispute this. Indeed, Plaintiffs appear to concede they are no longer pursing "unjust enrichment" as a cause of action. (Plaintiffs' Response, Dkt. #18, p. 9) (listing claims asserted, which do not include unjust enrichment).

4. <u>Loss of Consortium is a Derivative Claim</u>. Mississippi law is well-settled that to the extent Moore's claims are dismissed, the loss of consortium claim of Lori Moore must be dismissed as well. (Jindal's Motion to Dismiss, Dkt. #10, p. 16). Plaintiffs' Response does not credibly contest this law. This claim is subject to dismissal for all the reasons identified above.

WHEREFORE, PREMISES CONSIDERED, Defendant, Jindal Tubular USA, LLC, respectfully requests that this Honorable Court grant its Motion to Dismiss and dismiss all claims, with prejudice, asserted against it in the Complaint, with all costs assessed to Plaintiffs.

Respectfully submitted, this the 21st day of January, 2022.

    JINDAL TUBULAR USA, LLC

    BY:    BALCH & BINGHAM LLP

    BY:    *s/ Matthew W. McDade*
                OF COUNSEL

ARMIN J. MOELLER, JR. (MSB#3399)
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
Jackson, MS 39201
Telephone: (601) 961-9900
Facsimile: (601) 961-4466
amoeller@balch.com

MATTHEW W. MCDADE (MSB # 103207)
BRYAN C. SAWYERS (MSB # 104177)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com
bsawyers@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record registered with the CM/ECF system.

This 21st day of January, 2022.

                                    /s/ *Matthew W. McDade*
                                    Of Counsel